COFFEY, Circuit Judge.
 

 Debtor Eugene A. Day filed a Chapter 13 bankruptcy petition, claiming unsecured debts of $65,000 and secured debts of $161,000 in his schedules and statements. Creditor Medical Funding Services (“MFS”) moved to dismiss the petition, claiming that debtor’s unsecured obligations actually exceeded $100,000, in violation of 11 U.S.C. § 109(e). That section provides that “[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and non-contingent, liquidated, secured debts of less than $350,000 ... may be a debtor under Chapter 13 of this title.” The bankruptcy court held a hearing to consider creditor’s motion. MFS there argued that the court must look beyond the existence of valid mortgages or security agreements to characterize a debt as secured. It urged the court to adopt the test contained in 11 U.S.C. § 506(a) to determine the character of debts for purposes of satisfying the debt limitations of section 109(e). Section 506(a) provides, in relevant part, that
 

 An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor’s interest in the estate’s interest in such property ... and is an unsecured claim to the extent that the value of such creditor’s interest ... is less than the amount of such allowed claim.
 

 Thus, even where there is a lien on the debt, a creditor has a secured claim only to the extent of the value of his collateral, and an unsecured claim for the balance.
 

 Creditor had purchased debtor’s accounts receivable for $73,000, and had created a lien on those same accounts by signing a security agreement.
 
 [1]
 
 The obligation appeared on debtor’s schedules and statements as secured. The accounts, however, did not exist; the collateral was valueless. Under section 506(a), the entire $73,000 obligation, although ostensibly secured,, would be treated as unsecured. When added to debtor’s acknowledged unsecured debts of $65,000, the total exceeded $100,-000. This, argued MFS, violated section 109(e) and mandated dismissal of debtor’s Chapter 13 petition. Debtor replied that section 506(a) was inapposite, and that the court need only satisfy itself that a valid lien exists to characterize a debt as secured. The bankruptcy court agreed, holding that a section 109(e) determination “does not and should not involve a valuation of collateral. It was not the intent of Congress that the bankruptcy court make a § 506(a) determination and then apply the result to the question of whether a person qualifies as a Chapter 13 debtor pursuant to § 109(e). Sections 109(e) and 506(a) are mutually exclusive.” Since MFS had a valid security agreement covering debtor’s accounts receivable, the bankruptcy court concluded that the $73,000 debt was secured. On appeal, the district court reversed, finding section 506(a) applicable. We affirm the district court.
 

 Courts have consistently examined the true value of collateral securing a debt when evaluating a debtor’s eligibility for Chapter 13 relief under 11 U.S.C. § 109(e). In
 
 In re Bobroff,
 
 32 B.R. 933 (Bankr.E.D.Pa.1983), the court converted a proceeding
 
 *407
 
 under Chapter 13 to one under Chapter 7 for failure to meet the eligibility requirements of section 109(e). Debtor owned real estate worth $125,000. Three perfected security interests, in the amounts of $58,600, $197,327, and $12,300, encumbered the property. No unsecured debts were scheduled. Nevertheless, the court, applying section 506(a), concluded that since the three “secured” loans totaling $268,227 were secured by collateral worth only $125,000, the debtor actually had unsecured debts in excess of $100,000.
 
 [2]
 
 Debtors in
 
 In re Ballard,
 
 4 B.R. 271 (Bankr.E.D.Va.1980), used the same argument to defeat a creditor’s motion to dismiss. While debtors’ schedules listed secured obligations in excess of $350,000, the court determined that the value of the collateral was less than $350,000. To the extent that “the debt remain[ed] unsecured as a result of the valuation test [of section 506(a) ], the unsecured portion [became] a part of the debt not represented to be secured by any interest in property of the debtor.”
 
 Id.
 
 at 275. Since this amount, when added to the putative unsecured debt, was less than $100,000, the court concluded that debtor met the monetary qualifications of section 109(e).
 
 See also
 
 3 Collier on Bankruptcy ¶ 506.01, at 406-2 (15th ed. 1979) (“[T]he term ‘secured claim’ as used throughout the Code refers to a secured claim as determined under section 506.”).
 
 Cf. In re Heyer,
 
 13 B.R. 610 (Bankr.E.D.Va.1981);
 
 In re Flaherty,
 
 10 B.R. 118 (Bankr.N.D.Ill.1981).
 

 These decisions avoid the temptation to raise form over substance and represent a common-sense solution to a statutory interpretation problem not considered by Congress. As noted by the court in
 
 Ballard, supra,
 
 a contrary interpretation of section 109(e) could lead, at the limit, to the absurd situation where a prospective Chapter 13 debtor with $449,998 in unsecured debts creates a security interest for $349,999 in property with little or no value. If courts cannot look beyond the mere existence of documents creating such an interest, this manuever produces secured debts of $349,-999 and unsecured debts of $99,999— amounts within section 109(e). Surely Congress did not intend for debtors to so easily circumvent the $100,000 limitation on unsecured debts in Chapter 13 proceedings.
 

 Debtor in the instant case acknowledges unsecured debts of $65,000. He also fails to contest creditor’s claim that the accounts receivable serving as collateral for his $73,-000 obligation are nonexistent and worthless. Applying the test of section 506(a), we deem this debt to be unsecured. When added to the acknowledged $65,000, debt- or’s unsecured obligations exceed $100,000. Accordingly, he cannot obtain relief under Chapter 13. The order of the district court is
 

 AFFIRMED.
 

 [1]
 

 . The accounts receivable arose out of debtor’s professional practice as a dentist.
 

 [2]
 

 . The second loan for $197,327 was secured not only by a second mortgage on the property, but also by certain goods worth $13,216. Thus, debtor’s total unsecured debts equalled $130,-011.