In re Richard W. JONES and Barbara J. Jones, Debtors.

Richard W. JONES and Barbara J. Jones, Plaintiffs,

v.

UNITED STATES of America DEPARTMENT OF the TREASURY, INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 89 B 03948.
Adv. No. 90 A 0670.

United States Bankruptcy Court,
N.D. Illinois, E.D.

July 29, 1991.

Arthur G. Jaros, Jr., Richter, Jaros & Dudgeon, Oak Brook, Ill., for debtors.

Benjamin R. Norris, U.S. Dept. of Justice, Tax Div., Washington, D.C., Office of I.R.S. Dist. Counsel, Chicago, Ill., for I.R.S.

Craig Phelps, Standing Trustee, Chicago, Ill., for Chapter 13 Estate.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

These chapter 13 Debtors seek a determination that their pre-petition tax liability has been discharged. When the Debtors filed their schedules, they listed the Internal Revenue Service as a creditor, but claimed they didn't owe any taxes. Their plan was confirmed and a discharge was granted. Despite its prior knowledge of this case, only after the entry of the discharge did the IRS assert that the Debtors owed $650,000 in income tax, interest and penalties. In the pending complaint, the Debtors request that this Court determine that these taxes, and any other taxes which the IRS may assess against the Debtors, were discharged. The Debtors have moved for summary judgment, and the IRS has filed a cross-motion for the same relief, challenging for the first time the Debtors' eligibility for chapter 13 relief because they had too much unsecured debts.

For the reasons discussed below, the Court grants the Debtors' motion for summary judgment to the extent of finding that their income taxes for 1982 through 1986 were discharged in their chapter 13 plan. Eligibility limits on unsecured debts are not jurisdictional, and objections to eligibility not timely raised are waived. The Court declines to rule, however, that other unspecified taxes that the IRS might assess later were discharged in the Debtors' chapter 13 plan, as that issue is not ripe for decision; on this issue, the IRS's cross-motion for summary judgment is granted.

## FACTS

Richard Jones, incorporated as Richard W. Jones, Inc. ("the Jones Corporation"), operated a gas station from 1978 to 1986. For the tax years in question, the IRS contends that Richard received unreported dividends or capital gain income from the Jones Corporation. In an October 3, 1988, Examination Report and a February 8, 1989 letter, the IRS made adjustments to

the Debtors' itemized deductions, factoring into its calculations assets that the Jones Corporation had available for distribution to shareholders. The Debtors protested the proposed assessments on March 6, 1989, contending that the IRS erred in various ways. The taxes, interest and penalties (including the 50% civil fraud penalty) that the IRS claims, are shown below.

TABLE: 1982–1986 DISPUTED INCOME TAX, INTEREST AND PENALTIES

| Tax Year | Income Tax | Interest & Penalties |
|----------|-----------|---------------------|
| 1982 | $21,604.00 | $ 16,203.00 |
| 1983 | 38,456.00 | 28,842.00 |
| 1984 | 32,733.00 | 24,550.00 |
| 1985 | 131,662.00 | 98,747.00 |
| 1986 | 139,367.00 | 139,367.00 |
| TOTAL | $363,822.00 | $285,431.00 |

Three days following their tax protest, the Debtors filed a chapter 13 petition and plan with this Court. In their schedules, the Jones listed unsecured debt of "–0–" owed to the IRS rather than the $650,000 that the IRS was then claiming. In their pleadings in the instant proceeding, the Debtors explained that they entered the amount which they knew would be resolved in their favor, believing that ultimately they would be excused from all tax liability. They proposed a 100% dividend at 9% post-petition interest to both secured and unsecured creditors holding allowed claims; however, no actual plan payments to the IRS or any of the state revenue departments (Illinois, Wisconsin and Oregon) were listed in the schedules. At the confirmation hearing, the Jones' attorney advised the Court that if claims were filed by the IRS or any of the state taxing bodies, the plan would be revised to address those claims.

The IRS had actual knowledge of this case in time to file a claim or take other action. On April 4, 1989, the IRS sent notices of deficiency to the Jones for the tax years in dispute, as permitted by section 362(b)(9). The IRS, however, failed to object to the Debtors' chapter 13 plan, and it was confirmed on May 17, 1989. This Court's order confirming the Debtors' chapter 13 plan provided for 100% payment on all allowed claims. Five weeks later, the Debtors filed suit in Tax Court to protest the additional liability. Although the IRS notified the Jones on June 28, 1989, that it was attempting to file a claim in their chapter 13 case (almost a month before the July 24, 1989, claims bar date), it never did file a claim. On January 19, 1990, eight months after plan confirmation, the Jones' chapter 13 discharge was granted without objection.

Post-discharge, the IRS advised the Joneses that they were still personally liable for the 1982–1986 pre-petition taxes, interest and penalties previously communicated to them. The IRS asserted this liability even though it had failed to object to plan confirmation on feasibility, good faith, or eligibility grounds; file a claim after being notified of the Jones' bankruptcy and alerting them that it intended to do so; or take any other action in this case.

CONCLUSIONS OF LAW

The parties have expended a good deal of effort arguing the substantive law of 11 U.S.C. § 109(e) eligibility, such as whether tax liability unassessed prior to the filing of a petition for relief is liquidated or contingent. Such discourse minimizes the main point, which is one of timing. The IRS objected to the Jones' eligibility for chapter 13 relief *after a plan was confirmed and after their discharge was granted.* Given this fact, can the IRS—having failed to file a claim or make any timely objection allowed by the Bankruptcy Code along the Debtors' path to confirmation and discharge—now question the Debtors' initial eligibility for chapter 13 relief?

### A. The Plan Is Binding on the IRS and the Taxes Are Discharged Unless the Court Lacked Jurisdiction to Enter the Order Confirming the Plan

■ Section 1327(a) the United States Bankruptcy Code (11 U.S.C. § 1327(a)) provides that "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan...." The IRS was bound by the Debtors' confirmed chapter 13 plan, absent any timely objection, and under section 1328 the Debtors were discharged from *all* debts "provided for" by their plan.

Notwithstanding section 1327(a) and the *res judicata* effect of this Court's confirmation order, the IRS attacks the effect of the discharge by claiming that the Debtors were ineligible for chapter 13 relief. Under section 109(e) of the Bankruptcy Code:

Only an individual with regular income that owes, on the date of the filing of the petition, non-contingent, liquidated, unsecured debts of less than $100,000 ... or an individual with regular income and such individual's spouse ... may be a debtor under chapter 13 of this title.

■ The parties have argued at length about whether tax liability unassessed prior to the filing of a petition for relief is liquidated (and therefore included in the section 109(e) debt limit) or contingent (and therefore excluded from the debt limit). Categorization of debt as liquidated or contingent, however, is not the main issue in this case and consequently the subject will be addressed briefly. Unassessed taxes are liquidated and not contingent for section 109(e) purposes. *See In re Albano*, 55 B.R. 363 (N.D.Ill.1985) (for section 109(e) purposes, debt is not rendered contingent or unliquidated merely because debtor disputes debt, or has defenses or counterclaims to it); *In re Sylvester*, 19 B.R. 671 (9th Cir.BAP 1982) (creditor's contract claim was liquidated because it was readily ascertainable, and fact that it was disputed was irrelevant); *In re Pennypacker*, 115 B.R. 504 (Bankr.E.D.Pa.1990) (debt is liquidated if it is capable of being ascertained; fact that debtor disputes debt is irrelevant;

debtor should not be given unbridled authority to determine his eligibility for chapter 13 relief). *See* 1 Lundin, *Chapter 13 Bankruptcy* §§ 1.57–1.62 (1990) [hereinafter Lundin] for a discussion of contingent debt and cases cited therein. *See also* Bayles, *Jurisdiction in Bankruptcy to Contest Tax Liability and Arrest Collection Efforts*, 26 Washburn L.J. 423, 433–34 (debt is contingent only if a defined future event must happen to make it non-contingent; according to the majority view, whether disputed or not, virtually all taxes, interest and some penalties are non-contingent and liquidated debt, citing *Brockenbrough v. IRS*, 61 B.R. 685 (Bankr.W.D.Va. 1986)).

■ Had the issue been raised, therefore, this Court would have found that the Debtors were ineligible for relief under chapter 13. But the issue was not raised, although section 1324 permits a party in interest to object to confirmation at the hearing on the plan. Section 1325(a)(1) specifies that the Court shall confirm the plan if it "complies with the provisions of this chapter [13] and with other applicable provisions of this title." Section 1327(a) provides that a confirmed chapter 13 plan binds the debtor and each creditor, regardless of whether the creditor's claim is provided for by the plan, and regardless of whether the creditor has objected to, has accepted, or has rejected the plan. Since the Debtor's plan was confirmed without objection, this Court's Order approving it establishes that the plan was in compliance with the Code—including section 109(e) eligibility requirements—and that the IRS is bound by it. The doctrine of res judicata, or claim preclusion, "bars not only those issues which were actually decided in the prior action, but also any issues which could have been raised." *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1364 (7th Cir.1988), cert. denied 488 U.S. 856, 109 S.Ct. 145, 102 L.Ed.2d 117 *citing Lee v. City of Peoria*, 685 F.2d 196, 198 (7th Cir.1982). Under section 1324, the IRS could have objected to confirmation and raised the issue of eligibility. By reason of sections 1324 and 1327, this Court's order of confirmation is res judicata with respect

to that issue. *See In re Guilbeau*, 74 B.R. 13 (Bankr.W.D.La.1987).

The central issue in this case, however, is whether section 109(e) eligibility requirements are jurisdictional. That is, if the Debtors' unsecured debt exceeded eligibility requirements (as we have already determined), was the Bankruptcy Court without jurisdiction to hear their case and confirm their plan? An objection on jurisdictional grounds can be raised at any time, even post-discharge. This issue is the only challenge left to the IRS which could thwart discharge of the Jones' pre-petition tax liability, since lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951) (after removing case to federal court, defendant who received adverse judgment was not estopped from attacking his own prior removal on grounds that court lacked diversity jurisdiction to hear matter); *Basso v. Utah Power & Light Co.*, 495 F.2d 906 (10th Cir.1974) (adverse judgment against defendant vacated when defendant raised issue of diversity jurisdiction post-judgment); *Knee v. Chemical Leaman Tank Lines, Inc.*, 293 F.Supp. 1094 (E.D.Pa.1968) (attack on jurisdiction permitted even when objection withheld until after statute of limitations had run on possible state court action); *In re Phillips*, 844 F.2d 230 (5th Cir.1988) (if § 109 eligibility implicates subject matter jurisdiction, there are far reaching consequences since the parties could not expressly waive, or be held to have waived, their objections on the issue). *See generally* H. Hart & H. Wechsler, *The Federal Courts and the Federal System* 1705–06 (3d ed. 1988 & Supp.1989); J. Moore & B. Ringle, *Moore's Federal Practice Manual* ¶ 0.90[1] at 825, ¶ 0.92[1] at 863 (2d ed. 1948 & Supp.1990–91).

**B. Section 109(e) Eligibility Requirements Are Not Jurisdictional**

■ This Court has federal jurisdiction to hear chapter 13 cases pursuant to 28 U.S.C. § 1334(a), which grants District Courts "original and exclusive jurisdiction of all cases under title 11." District Courts may refer such proceedings to Bankruptcy Courts, 28 U.S.C. § 157(a); Rule 2.33(A) of the Rules of the United States District Court, Northern District of Illinois, provides this District's blanket reference to the Bankruptcy Court.[1] The IRS seeks to persuade the Court that Code § 109(e) eligibility requirements fall into this jurisdictional framework, arguing that there is only a semantic difference between eligibility and jurisdiction.

Jurisdiction is an issue of the Court's power to grant relief under title 11. Section 109(e) eligibility raises the issue of whether debtors should be accorded relief under a specific chapter of the Bankruptcy Code—with the implicit assumption that the Court has the jurisdiction to do so. Further, the provisions sought to be interpreted here are part of two different portions of the United States Code. The statutory grant of jurisdiction over bankruptcy cases, 28 U.S.C. § 1334, is phrased in terms of jurisdiction ("the district courts shall have ... jurisdiction"), is directed to the courts, and is located in that part of the United States Code dealing with jurisdiction ("Judiciary and Judicial Procedure"). Section 109(e), on the other hand, establishes criteria to determine whether a debtor should be accorded chapter 13 relief, is directed towards the debtor, and is located in the Bankruptcy Code. And, by its terms, *"Only* an individual ... may be a debtor under chapter 13" [emphasis added], section 109(e) is a limitation of the availability of chapter 13 relief to those persons meeting its tightly prescribed requirements rather than a limitation on the Court's power. These two provisions, contained in legislation enacted at different times and for different reasons, differ in their application.

The legislative history of the Bankruptcy Reform Act of 1978 does address the juris-

---

**1.** The jurisdiction of the Bankruptcy Court to hear and determine the current complaint is governed by 28 U.S.C. § 157(b)(2)(I), which permits the Court to hear core proceedings arising under title 11, including those which determine the dischargeability of particular debts.

diction of the Bankruptcy Court, but not in the context of section 109 eligibility requirements. In its legislative package enacting the Bankruptcy Reform Act of 1978, Congress prospectively amended 28 U.S.C. to include chapter 90, "Bankruptcy Courts." The legislative history discussing the Court's jurisdiction is located in H.R. No. 595, 95th Cong., 2d Sess., 445, *reprinted in* 1978 U.S.Code Cong. & Adm.News 5787, 5963, 6400. Chapter 90 added a broad jurisdictional grant to the Bankruptcy Court via 28 U.S.C. § 1471, but that was invalidated by the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Public Law 98–353, Title I, July 10, 1984, 98 Stat. 343, subsequently cancelled its enactment. The concept of a debtor's eligibility has no part in the legislative history on jurisdiction, but is only addressed as part of the Code's general provisions. H.R. No. 595, 318–19, *reprinted in* 1978 U.S.Code Cong. & Adm.News 5963, 6275–76. The failure of Congress to include section 109(e) eligibility requirements as part of the Bankruptcy Court's jurisdictional tests could be seen as an application of the "knew how to" rule of statutory construction:

> This rule accords weight to the failure of a legislature to enact a particular provision in one part of a statute where it has enacted such a provision in another part of the statute dealing with a similar subject. When viewed from the perspective that the legislature "knew how to" draft such a provision, such legislative inaction is evidence that the legislature intended that the omitted provision not be read into the part of the law where omitted. [footnote omitted]

> Tabb, *The Bankruptcy Reform Act in the Supreme Court, 49 U.Pitt.L.Rev.*, 477, 574 (1988).

Moreover, 28 U.S.C. § 1334 is found under the chapter heading, "District Courts;

Jurisdiction," whereas 11 U.S.C. § 109(e) is found under the chapter heading, "General Provisions." "Where headings are enacted as a part of an act, or as part of a code, ... the headings may serve as an aid to the legislative intent." [footnotes omitted] 2A Sutherland, *Statutory Construction* § 47.14 at 151 (Sands, 4th ed. rev. 1984). The Court declines to read a limitation on jurisdiction into section 109, where there is no indication that the drafters of the Bankruptcy Code intended one to be there.

This result is in accord with the prevailing view expressed in the cases that a petition seeking bankruptcy relief under any chapter of title 11 invokes all the provisions of title 11, not merely those of the chosen chapter. It is a petition under title 11, not merely a chapter of that title. Once a debtor files a petition for relief under any chapter of the Bankruptcy Code, "the court has jurisdiction to administer the ensuing case in accordance with title 11 of the United States Code." *Rudd v. Laughlin*, 866 F.2d 1040, 1041 (8th Cir.1989). "Filing of a case under title 11 establishes jurisdiction in this Court in accordance with 28 U.S.C. §§ 1334 and 157." *In re Tatsis*, 72 B.R. 908, 910 (Bankr.W.D.N.C.1987) (collecting cases).

In his chapter 13 treatise, Judge Keith Lundin presented the argument supporting the treatment of section 109(e) eligibility as jurisdictional.[2]

> Though by no means a settled question, it has been held that the filing of a chapter 13 petition by an ineligible individual does not constitute the commencement of a case and does not result in the entry of an order for relief. It is the logic of these decisions that a voluntary chapter 13 case can be commenced under 11 U.S.C. § 301 only by an entity "that may be a debtor under such chapter." It is at least arguable that the filing of a petition by an ineligible individual does not commence a chapter 13 case. Absent commencement of the case, no order for

---

**2.** In constructing his argument, Judge Lundin relied on the reasoning in *In re Wulf*, 62 B.R. 155 (Bankr.D.Neb.1986) and *In re Koehler*, 62 B.R. 70 (Bankr.D.Neb.1986). It should be noted, however, that the Eighth Circuit declined to

adopt the rationale of the Wulf court. Wulf was overruled by *Rudd v. Laughlin*, 866 F.2d 1040 (8th Cir.1989), *affirming Rudd v. Laughlin*, 95 B.R. 705 (D.Neb.1988). The *Rudd* Court also disapproved of *Koehler*.

relief would be required by 11 U.S.C. § 301. Following this logic further, if the debtor is not eligible, a chapter 13 petition by an ineligible debtor does not commence a bankruptcy case, and there is no case pending which might then be converted to another chapter. It would also follow that ineligibility could be raised as a ground for dismissal at any stage of the case, even after confirmation. It is conceivable that ineligibility could be raised collaterally as an attack upon any discharge entered in the chapter 13 case. [footnotes omitted]

*1 Lundin, § 1.26 at 1–29, 30. See also In re Keul*, 76 B.R. 79 (Bankr.E.D.Pa.1987); *In re Glazier*, 69 B.R. 666, 669 (Bankr. W.D.Okla.1987).

The first problem with this argument is that section 301 says only that a case "under a *chapter* of this title is commenced by the filing of a petition [by a debtor eligible for relief under that chapter]." The full text of section 301, found in Chapter 3, Subchapter 1, "Commencement of a Case," reads:

> A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter. The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.

This section does not talk about commencing a case under title 11, but only about how relief under a particular chapter as opposed to other chapters of title 11 is invoked. But 28 U.S.C. § 1334 confers jurisdiction over "cases under *title 11*". Accepting the logic of the authorities cited above, a bankruptcy petition invokes all of the Court's powers under all the provisions of title 11, not merely the particular chapter named in the petition.[3] Thus, when a debtor files a petition for bankruptcy relief, he or she commences a case under title 11, even if the debtor is not entitled to relief under a specific chapter.

The Court, for example, has the power to convert the case of a debtor ineligible for relief under chapter 13 to a case under chapter 7. *Rudd*, 866 F.2d 1040; *Tatsis*, 72 B.R. 908; *In re Wenberg*, 94 B.R. 631 (9th Cir.BAP 1988), *aff'd* 902 F.2d 768 (9th Cir. 1990). *Cf., In re Bird*, 80 B.R. 861, 863 (Bankr.W.D.Mich.1987) (conversion to chapter 11 by debtor ineligible for chapter 12 relief). Under section 348(a) of the Bankruptcy Code, conversion "constitutes an order for relief under the chapter to which the case is converted, but [with exceptions not relevant here] does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief." Therefore, the converted case is commenced by the filing of the petition, even if the debtor was not eligible for relief under the chapter named in the petition.

Courts dealing with problems other than conversion have also concluded that eligibility is not jurisdictional. *See In re Phillips*, 844 F.2d 230, 235 n. 2 (5th Cir.1988) (dicta) (appellate jurisdiction from order denying motions to dismiss chapter 13 petition); *First Brandon National Bank v. Kerwin–White*, 109 B.R. 626, 629 (D.Ver.1990) (eligibility argument not made in Bankruptcy Court is not jurisdictional and therefore is

---

**3.** Courts located in nine judicial circuits have examined the section 109 eligibility question, finding generally that section 109 eligibility requirements are not equivalent of the "amount in controversy" requirement necessary for district court diversity jurisdiction pursuant to 28 U.S.C. § 1332. Courts in some circuits have pursued the question more actively than others, but few Courts of Appeal have addressed the issue directly. The judicial consensus that has evolved over time is that a debtor files for relief under title 11 in general, not a specific chapter.

Three Courts of Appeal have concluded that section 109(e) eligibility is not jurisdictional. *In re Phillips*, 844 F.2d 230, 235 (5th Cir.1988) n. 2

(dicta); *Rudd v. Laughlin*, 866 F.2d 1040 (8th Cir.1989), *affirming Rudd v. Laughlin*, 95 B.R. 705 (D.Neb.1988); *In re Wenberg*, 902 F.2d 768 (9th Cir.1990), *affirming In re Wenberg*, 94 B.R. 631 (9th Cir.BAP 1988). The Sixth Circuit Court of Appeal has not taken a strong position. *See In re Pearson*, 773 F.2d 751, 756–57 (6th Cir. 1985) (section 109(e) indicates a congressional intent to limit chapter 13 eligibility, using language somewhat in the form of a jurisdictional requirement). Courts in the First and Eleventh Circuits have not published opinions on the topic, while lower courts in the remaining circuits have considered the issue with mixed results.

waived if not raised). *Collier on Bankruptcy* also subscribes to this viewpoint: "Section 109, like Section 2a(1) under prior law, is not characterized in terms of either venue or jurisdiction by the statute itself." *Collier on Bankruptcy* ¶ 109.01[2] at 109–7 (L. King 15th ed. 1979 & Supp.1990). *See also* 2 Ginsberg, *Bankruptcy: Text, Statutes, Rules* § 15.02[a] (2d ed. 1989 & Supp. 1990). "[O]nce a chapter 13 plan has been confirmed, the issue of eligibility cannot be raised."

Moreover, it is metaphysical to argue that there is no "case" here. If there is no "case", then what are the parties doing here and what is that thick file doing in the Clerk's office? The issue is not whether there is a case; clearly, there is. The issue whether the Bankruptcy Court has jurisdiction over that case.

In summary, jurisdiction under 28 U.S.C. § 1334 is an issue of the Court's power to grant relief under title 11, whereas section 109(e) eligibility raises the issue of whether debtors should be accorded relief under a specific chapter of the Bankruptcy Code. The two sections are in completely different parts of the United States Code; the legislative history shows that the drafters of the Bankruptcy Reform Act of 1978 considered the Court's jurisdiction, and kept its place in title 28 of the United States Code, not title 11. Section 109(e) should not be considered outside of its general context, so as to shoehorn it into a jurisdictional limitation.

C. IRS's Appeal to the Court's Equitable Powers Under Section 105(a) Is Misplaced

The IRS has urged this Court to use its 11 U.S.C. § 105(a) equitable powers to revoke the discharge order previously granted to the Debtors. That section provides:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

The Court rejects the IRS's appeal to use its equitable powers, even though the Court is aware that the Seventh Circuit has cautioned that, "It is not the objective of the bankruptcy laws to confer windfalls on debtors." *In Re Chicago, Milwaukee, St. Paul & Pacific RR. Co.*, 791 F.2d 524, 527 (7th Cir.1986). The Court is also aware of the special deference paid to taxing authorities in the legislative history of the Bankruptcy Code:

[T]ax systems, generally based on voluntary assessment, work to the extent that the majority of taxpayers think they are fair. This presumption of fairness is an asset which should be protected and not jeopardized by permitting taxpayers to use bankruptcy as a means of improperly avoiding their tax debts. To the extent that debtors in a bankruptcy are freed from paying their tax liabilities, the burden of making up the revenues thus lost must be shifted to other taxpayers. S.Rep. No. 989, 95th Cong., 2d Sess. 78, *reprinted in* 1978 U.S.Code Cong. & Adm.News, 5800.

■ Nevertheless, this Court lacks the discretion to grant relief to the IRS under section 105(a). To do so would disregard other, more specific provisions of the Bankruptcy Code. These include section 1324, which permits a party in interest to object to confirmation at the hearing on the plan; section 1327(a), which provides that a confirmed chapter 13 plan binds the debtor and each creditor, regardless of whether the creditor's claim is provided for by the plan, and regardless of whether the creditor has objected to, has accepted, or has rejected the plan; and section 1330(a), which provides a 180 day window of opportunity following chapter 13 plan confirmation to challenge an order of confirmation, if such an order was procured by fraud. To grant relief under section 105(a) would be to allow the IRS to bypass these provisions.

The Court cannot ignore these specific provisions of the Bankruptcy Code.

"While the bankruptcy courts have fashioned relief under section 105(a) in a variety of situations, the powers granted by that statute may be exercised only in a manner consistent with the provisions of the Bankruptcy Code. That statute does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity." *United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir.1986). *See also Chicago, Milwaukee, St. Paul & Pacific RR. Co.*, 791 F.2d at 528 ("The fact that a proceeding is equitable does not give the judge a free-floating discretion to redistribute rights in accordance with his personal views of justice and fairness, however enlightened those views may be."); *Official Comm. of Equity Security Holders v. Mabey*, 832 F.2d 299, 302 (4th Cir.1987), *cert. denied* 485 U.S. 962, 108 S.Ct. 1228, 99 L.Ed.2d 428 (1988); *In re Continental Airlines Corp.*, 907 F.2d 1500, 1509 (5th Cir.1990). *See generally, Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 968, 99 L.Ed.2d 169 (1988) ("[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code.").

Moreover, even if this Court had any discretion under section 105(a), this would not be the case in which to exercise it. It is a familiar maxim that, "Equity aids the vigilant, not those who slumber on their rights." 3 *Pomeroy's Equity Jurisprudence* §§ 418, 419 at 169–71 (S. Symons 5th ed. 1941). *See Baker v. Cummings*, 169 U.S. 189, 18 S.Ct. 367, 42 L.Ed. 711 (1898) ("[E]quitable powers will not be exercised to discover whether one has been wronged, when, with full knowledge of the alleged wrong, he has allowed the bar of the statute of limitations to arise, and has slept upon his rights until such situation has arisen as to render it inequitable to afford him relief." *Id.* at 208–09, 18 S.Ct. at 374). The IRS has proven to be a veritable Rip Van Winkle. Having failed to make any timely objection (eg., eligibility, good faith, full disclosure, feasibility, fraud, etc.) allowed by the Bankruptcy Code along the Debtors' path to confirmation and discharge, and having failed even to file a claim (as required by Bankruptcy Rule 3002(a)) after alerting the Debtors it intended to do so, the IRS now petitions the Court to use its equitable powers to cancel the Jones' discharge. The Court declines to do so.

There is one reported opinion in this district that does support the IRS, *In re Dobkin*, 12 B.R. 934 (Bankr.N.D.Ill.1981). The *Dobkin* court, which initially found subject matter jurisdiction pursuant to 28 U.S.C. § 1471(a), dismissed the Debtors' case for "cause" under the Bankruptcy Code § 1307(c) when they moved post-confirmation to include $1,114 in unscheduled prepetition debt, thus bringing them over the section 109(e) eligibility limits. The court held that although a creditor had just missed the 180 day time limit for raising a section 1330 fraud issue, "This court will not allow debtors to accomplish by craft or artifice what they could not honestly accomplish, i.e., the liberal discharge of their debts." *Id.* at 936.

This Court must respectfully disagree with the conclusion reached in *Dobkin* because it is inconsistent with the direction by the Supreme Court in *Ahlers* that this Court exercise its equitable powers "within the confines of the Bankruptcy Code." By dismissing the case after confirmation, the *Dobkin* court negated the overall design of the Code by disregarding the statutory 180 day limit on the court's power to revoke confirmation, even for fraud.

To grant the IRS relief now would also undermine the doctrine of res judicata, even though the policy considerations that support that doctrine are no less important than the factors urged by the IRS. " 'The predicament in which respondent finds himself is of his own making.... [W]e cannot be expected, for his sole relief, to upset the general and well-established doctrine of *res judicata*, conceived in light of the maxim that the interest of the state requires that there be an end to litigation....' *Reed v. Allen*, 286 U.S. 191 at 198–199 [52 S.Ct. 532 at 533, 76 L.Ed. 1054] ([1932])." *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 401–02, 101 S.Ct. 2424, 2429–30,

**1012**

69 L.Ed.2d 103 (1981). *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). *See generally,* B. Russell, *Bankruptcy Evidence Manual* §§ 1–3 (1990).

D. Conclusion

The Court grants the Debtors' motion for summary judgment to the extent of finding that their 1982–1986 unassessed income taxes, which are liquidated and not contingent, were discharged in their chapter 13 plan. Section 109(e) eligibility limits for unsecured debt are not jurisdictional; this holding is consistent with statutory construction of relevant portions of the Bankruptcy Code, as well as developing case law. Objections to section 109(e) eligibility limits not timely raised are waived. The Court declines to rule, however, that other unspecified taxes that the IRS might assess later were discharged in the Debtors' chapter 13 plan as that issue is not ripe for judicial decision; on this issue, the IRS's cross-motion for summary judgment is granted. This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Federal Bankruptcy Procedure.

A separate Order will be entered accordingly.