**In re David and Nancy KNIZE, Debtors.**

**Bankruptcy No. 96 B 27399.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

June 17, 1997.

Thomas Britt, Tinley Park, IL, for Debtors.

Joel Nathan, Assistant U.S. Attorney, Chicago, IL, for U.S.

## MEMORANDUM OPINION ON DEBTORS' OBJECTION TO CLAIM OF THE UNITED STATES AND OBJECTION OF THE UNITED STATES TO DEBTORS' AMENDED PLAN

JACK B. SCHMETTERER, Bankruptcy Judge.

The United States, on behalf of the Internal Revenue Service (the "IRS"), has objected to the Debtors' amended plan and moved to dismiss this Chapter 13 bankruptcy case filed by them. The IRS contends that Debtors were and are ineligible for Chapter 13 relief as their debts exceeded and still exceed the limitations for that Chapter as set forth in the Bankruptcy Code, mainly because the IRS claim is so large. In response, Debtors objected to the amended IRS claim. They also requested that, if the United States' objection be sustained, they be given time to convert to a case under Chapter 7 or Chapter 11.

For reasons stated below, and by separate order, the objection of the United States is sustained and Debtors' objection to the amended IRS claim is overruled. Debtors will be given time and a set date on which to file a motion to convert their case to one under a different chapter of the Bankruptcy Code, in the absence of which the case will be dismissed on motion of the United States.

### BACKGROUND AND UNDISPUTED FACTS

On October 16, 1996, the debtors, David J. and Nancy Knize ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code, Title 11, 11 U.S.C. On or about November 15, 1996, the IRS filed a proof of claim for $187,431.18 in taxes, of which $36,-359.77 was alleged to be an unsecured nonpriority claim and $151,071.41 was alleged to be an unsecured priority claim. On or about February 20, 1997, the IRS filed an amended proof of claim for $1,336,399.11, which added a secured claim in the amount of $1,148,-967.96 based on assessments for taxes due for tax periods in 1989–92. These assessments arose out of Debtors' operation of their "Abbott Cleaning and Supply" business.

The IRS then moved to dismiss Debtors' Chapter 13 case on the ground that their plan attempts to provide for debts exceeding the eligibility limits of 11 U.S.C. § 109(e), and thus fails to comply with provisions of the Bankruptcy Code.

Debtors first argue that the secured claim was actually assessed against Abbott Cleaning and Supply ("Abbott") and not the individual debtors, and that taxes due from that business should not be assessed against them in their individual bankruptcy case. However, on April 25, 1997, Debtors' attorney conceded on the record that Abbott is a sole proprietorship wholly owned by Debtors.

Debtors further argue that as the amended IRS claim far exceeds fair market value of

the property securing that claim, so the debt should be considered mostly unsecured. Both parties agree that the Debtors' equity over the amount due on mortgage debt is about $40,000.[1] Debtors argue that as the unsecured creditors are to be paid at 10%, "$1,148,967.96 would be $114,896.80 and therefore within the jurisdictional limits of 109(e)." Debtors' Reply at 2.

Debtors also argue that the IRS filed its amended claim after the claims' bar date, without notice, and without leave of court.

Finally, Debtors argue that the IRS's $1,148,967.96 secured claim is based on a mere estimation contradicted by Debtors' tax returns.

Further facts reported in the following Discussion are also undisputed.

## JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. Venue lies properly under 28 U.S.C. § 1409. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (L).

## Discussion

Bankruptcy Code § 109(e) dictates who is eligible to be a debtor under Chapter 13 of the Code:

Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $250,000 and noncontingent, liquidated, secured debts of less than $750,000, or an individual with regular income and such individual's spouse, a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $250,000 and noncontingent, liquidated, se-

cured debts of less than $750,000 may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e).

The debt limitations in Chapter 13 are to "permit the small sole proprietor, for whom a Chapter 11 reorganization is too cumbersome a procedure, to proceed under chapter 13." HR Rep. No. 595, 95th Cong., 1st Sess. 319–320 (1977). A Chapter 13 discharge is the broadest available under the Code. Keith Lundin, *Chapter 13 bankruptcy, 2d ed.*, § 9.10 (1994). However, Chapter 13 is not to be used "as an office solely to obtain discharge from certain liabilities." HR Rep. No. 103–834, 103rd Cong., 2nd Sess. 6 (Oct. 4, 1994) U.S.Code Cong. & Admin.News at pp. 3323, 3328; 140 Cong. Rec. H10765 (Oct. 4, 1994), reprinted in *Norton Bankruptcy Law and Practice 2d*, at 118.

Chapter 13 permits individuals with a regular income and relatively small debt "to propose a plan providing for the repayment of all or a portion of the claims against the debtor out of the debtor's future income over a period not to exceed five years from the date of the plan's confirmation." *Matter of Aberegg*, 961 F.2d 1307, 1308 (7th Cir.1992) (citations omitted). For such a plan to be confirmable it must comply with all applicable Code provisions. 11 U.S.C. § 1325(a)(1). Thus, a Chapter 13 plan is unconfirmable if debts exceed the limitations as set forth in 109(e). *Aberegg*, 961 F.2d at 1308.

### Debtors and Abbott Are the Same

Debtors first argue that the $1,148,-967.96 secured claim was not assessed against them as individuals but against Abbott. As stated, Debtors conceded, and their tax returns reflected, that Abbot is a sole proprietorship of which debtor David J. Knize is the proprietor. Debtors' Objection, Ex. A. Taxes of a sole proprietorship are properly assessed against the sole proprietor. *United States v. Friedman*, 739 F.2d 252, 254 (7th Cir.1984) (assessment for unpaid withholding tax liabilities of a sole proprietorship

---

1. Debtors' counsel conceded this fact in court on April 25, 1997, and counsel for the IRS conceded this fact in their objection to Debtors' plan.

properly assessed against owner); *Gill v. U.S.*, 258 F.2d 553, 557 (5th Cir.1958).

### Bifurcation Does Not Establish Eligibility

Debtors also argue that, even if the secured claim was properly assessed against them as individuals, the debt should be bifurcated into its secured and unsecured portions. Thus, they say only about $40,000 should be considered secured, well within the secured debt limitations imposed by § 109(e). If correct, of course, that would leave the Government with an unsecured claim well in excess of the $250,000 limit on unsecured debt, still a bar to this Chapter 13 case. Debtors argue, however, that, as the unsecured creditors will only realize 10% of their unsecured claims, the IRS's subsequent $1.1 million unsecured claim would actually be just over $100,000. Thus, it is argued that both the secured and unsecured portions of the IRS's claim are within the limits of § 109(e).

▬ Debtors clearly misread the Bankruptcy Code when arguing that an unsecured debt over $250,000 should be discounted to what their Plan offers in determining eligibility. Section 109(e) refers to "noncontingent, liquidated, unsecured *debts* ...." 11 U.S.C. 109(e) (emphasis added). The Code defines debt as "liability on a claim." 11 U.S.C. § 101(12). "In enacting the Bankruptcy Code, the Congress elaborated on that relationship when it defined 'debt.' The terms 'debt' and 'claim' are coextensive: a creditor has a 'claim' against the debtor; the debtor owes a 'debt' to the creditor." *In re Knight*, 55 F.3d 231, 234 (7th Cir.1995) (citing S.Rep. No. 989, 95th Cong., 2d Sess. 23, reprinted in 1978 U.S.C.C.A.N. 5787, 5809; H.R.Rep. No. 595, 95th Cong., 2d Sess. 310, reprinted in 1978 U.S.C.C.A.N. 5963, 6267). Therefore, for purposes of qualifying under § 109(e), it is only relevant how much the debtor owes, not how much the debtor actually intends to pay or can pay or will pay through the Plan.

▬ Debtors are correct in asserting that an undersecured claim can be bifurcated for purposes of § 109(e). *In re Day*, 747 F.2d 405, 406 (7th Cir.1984) (finding courts consis-

tently examine true value of collateral when evaluating Chapter 13 eligibility).

A contrary interpretation of section 109(e) could lead, at the limit, to the absurd situation where a prospective Chapter 13 debtor with [$999,998] in unsecured debts creates a security interest for [$749,999] in property with little or no value. If courts cannot look beyond the mere existence of documents creating such an interest, this maneuver produces secured debts of [$749,999] and unsecured debts of [$249,-999]—amounts within section 109(e).

*Day,* 747 F.2d at 407. *See also, Miller v. United States Through Farmers Home Admin.,* 907 F.2d 80 (8th Cir.1990) (agreeing that bifurcation as in § 506(a) appropriate for determining Chapter 13 eligibility); *In re Ficken,* 2 F.3d 299 (8th Cir.1993).

If we follow the bifurcation analysis provided by the Seventh Circuit panel in *Day,* however, the IRS's unsecured claims significantly exceed the $250,000 unsecured debt ceiling. Debtors argue that *Day* is distinguishable and its analysis should not be applied here. However, *Day* is precisely on point. Both *Day* and the case at bar deal with undersecured claims which, when bifurcated, become unsecured and exceed the limits of § 109(e).

### Debtors' Procedural Objections to the IRS Filing Lack Merit

Debtors also assert that the IRS's amended proof of claim was not properly filed, arguing that it was filed after the claims bar date, without notice, and without leave of court.

▬ Generally, a proof of claim in a Chapter 13 case must be filed no later than 90 days after the date of the order for relief which in a voluntary case is the date of filing the petition. Fed. R. Bankr.P. 3002(c); 11 U.S.C. § 301. However, Rule 3002(c)(1) provides that a "proof of claim filed by a governmental unit is timely filed if it is filed not later than 180 days after the date of the order for relief." Fed. R. Bankr.P. 3002(c)(1). The voluntary bankruptcy petition was filed on October 16, 1996; IRS's amended claim was filed on February 20,

1997, well within the 180–day deadline. Thus, its amended proof of claim was timely filed.

■ Debtors also object to filing of the IRS amended claim without prior leave of court. Whether to allow amendment to a proof of claim is within the sound discretion of the Court. *Matter of Stavriotis,* 977 F.2d 1202, 1204 (7th Cir.1992) (citations omitted). Fed.R.Civ.P. 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "Rule 15 favors liberal amendment of pleadings in order to insure consideration of claims on their merits." *Stavriotis,* 977 F.2d at 1204. Fed. R.Civ.P. 15 is applicable to adversary proceedings through Fed.R.Bankr.P. 7015. Although this is a contested matter and not an adversary proceeding, Fed. R. Bankr.P. 9014 permits the application of Fed. R. Bankr.P. 7015 to contested matters. It is appropriate to apply that Rule here. *Stavriotis,* 977 F.2d at 1204 (applying Rule 7015 in contested matter to amendment of claim and noting that "practice before the bankruptcy courts and the district court should be the same,"). Since Debtors have not shown prejudice from the delay in filing the amended claim under Fed.R.Civ.P. 15(a), the IRS's amended proof of claim would have been allowed if leave to file it had been requested. Government counsel should have sought such leave in advance. It would risk denial of amendment where failure to seek such leave in advance would prejudice the debtor. However, no prejudice was shown here to result from failure to obtain advance permission.

### Debtors Failed to Allege Facts to Contradict Abbott Assessments

There remains one last issue, and it is key to resolving the instant motion. May debtors ever contest a large IRS claim and thus remain eligible in Chapter 13, or does mere filing of a large Government claim defeat a debtor's efforts to remain under that Chapter?

■ A validly filed proof of claim constitutes prima facie evidence of the claim's validity. Fed. R. Bankr.P. 3001(f). Objecting parties, in this case Debtors, have the initial burden to produce some evidence to overcome this rebuttable presumption. *In re Allegheny Intern., Inc.,* 954 F.2d 167, 173–74 (3rd Cir.1992); *Matter of Missionary Baptist Foundation of America,* 818 F.2d 1135, 1143 (5th Cir.1987); *In re Stoecker,* 143 B.R. 879, 883 (N.D.Ill.1992), *aff'd in part, vacated in part,* 5 F.3d 1022 (7th Cir.), *reh'g denied* (1993). The objector must produce evidence of a probative force equal to the allegations contained within the proof of claim. *In re Grabill,* 121 B.R. 983, 992 (Bankr.N.D.Ill. 1990). The burden then shifts back to the claimant to produce evidence meeting the objections and establishing the claim. *In re Chapman,* 132 B.R. 132, 143 (Bankr.N.D.Ill. 1991). Thus, the IRS's amended claim is prima facie evidence of the validity and amount of the claim. Fed. R. Bank. P. 3001(f). Where a taxpayer challenges a tax assessment, the burden of proof generally rests with the taxpayer. *Lerch v. Commissioner of Internal Revenue,* 877 F.2d 624, 631 (7th Cir.1989) (citing *Helvering v. Taylor,* 293 U.S. 507, 515, 55 S.Ct. 287, 290, 79 L.Ed. 623 (1935)). Debtors have not contested that the asserted taxes were assessed against Abbott, and they admit that they were the sole proprietors of Abbott.

■ Debtors argue that the IRS's original proof of claim "acts as a judicial admission and this in itself creates on the record a dispute as toward the over a million dollar increase contained in their amended claim." Debtors' Reply, at 4. Debtors have cited no case law, statute, or other authority for this assertion. The evidentiary effect of a proof of claim is that it constitutes *prima facie evidence* of the amount and validity of the claim. Fed. R. Bankr.P. 3001(f) (emphasis added). Filing of an amended claim does not in itself create a dispute over that claim.

Moreover, the IRS has satisfactorily explained the necessity for its amendment, showing that it was originally unaware that this Chapter 13 case was related to Abbott. Although a bankruptcy petition requires that a debtor list all names used by the debtor within the preceding six years, Debtors failed

to include the name of Abbott as required by Fed. R. Bankr.P. 1005:

> The caption of a petition commencing a case under the code shall contain the name of the court, the title of the case, and the docket number. The title of the case shall include the name, social security number and employer's tax identification number of the debtor and all other names used by the debtor within six years before filing the petition.

Fed. R. Bankr.P. 1005; *see also In re Anderson*, 159 B.R. 830, 838 (Bankr.N.D.Ill. 1993) (allowing late filed proof of claim for several reasons including debtor's omissions in bankruptcy petition).

In addition, Debtors failed to include any mention of Abbott in their Statement of Financial Affairs attached to their bankruptcy petition. Paragraph 16 requests "the names and addresses of all businesses in which the debtor was as officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the two years immediately preceding the commencement of this case. . . ." Debtors checked the box marked "none."

In objecting to the IRS amended claim, Debtors argue that it is based on estimations rather than actual returns. They attached copies of their tax returns for 1993, 1994, and 1995 to their objection to the IRS's amended claim, apparently to show actual income and expenses.[2] Debtors argue that their returns establish the amount owed to the IRS is actually $39,684.59. But the tendered returns do not cover the earlier years for which the additional taxes were assessed against Debtors' sole proprietorship ("Abbott"). As stated, Debtors, as the objecting party to a properly filed proof of claim, have the burden to overcome the presumption of validity. Debtors' tax returns allegedly filed for 1993, 1994, and 1995 are quite insufficient to rebut the IRS's amended proof of claim for assessment covering 1985–92 taxes on their busi-

ness. Evidence to rebut the IRS claims has not even been offered. Indeed, on the present record Debtors have offered nothing by way of allegations or proof of income and expenses of Abbott for the 1989–92 periods assessed.

■■■■■ Had Debtors offered detailed pleadings and evidence in rebuttal to the Government's amended claim pertaining to Abbott, an interesting issue would have arisen. The Government argues that its disputed claim must be entirely included in the amount for which it was filed in calculating the § 109(e) ceiling, citing *Knight*, 55 F.3d at 234–35, and *In re Pearson*, 773 F.2d 751 (6th Cir.1985). Debtors argue that *Knight* does not apply to the case at bar, apparently suggesting that, because the IRS used estimated tax returns and not actual tax returns, its claim was not "readily calculable by simple mathematics." Debtors' Response at 3. This argument relates to the *Knight* analysis of debt liquidity: A debt is liquidated if the amount of debt has been ascertained or can readily be calculated. *Knight*, 55 F.3d at 235 (citations omitted). When a debt to the IRS can be ascertained or readily calculated, it is liquidated for purposes of § 109(e). *United States v. Verdunn*, 89 F.3d 799, 803 (11th Cir.1996) (finding that a tax debt was easily ascertainable as it was computed through application of fixed legal standards set forth in tax code); *In re Sivertsen*, 180 B.R. 513, 514 (Bankr.N.D.Ill.1994); *In re Jones*, 129 B.R. 1003, 1006 (Bankr.N.D.Ill.), *aff'd*, 134 B.R. 274 (N.D.Ill.1991).

Computation of taxes due from an ongoing business could well be a much more complex task, one warranting an opportunity to a debtor to offer evidence of actual operations and taxes due in an amount less than the Government claims. The Government's theory that it need only file a claim in excess of Chapter 13 limits and the Debtors can never contest it in Chapter 13 reaches too far and is not supported by the authority cited. Certainly the easy calculation of statutory fees in

---

**2.** It is unclear whether these returns were actually filed despite Debtors' claim to the contrary. In addition, two different social security numbers are listed for David Knize, both 329–38–7229 and 347–38–7229. Debtors also attached copies of their 1994 W–2 statements. The State Employer Identification Number for Abbott is listed

on the W–2s as 36–3869877. Debtors state in their objection to the IRS claim and in their 1993 Schedule C that Abbott's identification number is 36–3594806. Debtors omitted the identification number entirely from their 1994 and 1995 Schedule Cs.

*Knight* is a far cry from computing taxes due on an ongoing business. However, here the assessments based on Abbott's operation were not rebutted by Debtors, who did not offer to prove that actual operation of Abbott during the assessment years warranted lower taxes than those assessed. Since the large assessments based on Abbott operations during those years are what sink Debtors' Chapter 13 effort, and no facts were alleged to rebut the assessments, the IRS amended claim does disqualify Debtors in Chapter 13.

### CONCLUSION

Thus, the IRS $1,336,399.14 amended claim is properly considered in calculating Debtors' eligibility for relief under Chapter 13. As Debtors' noncontingent, liquidated debts exceed the limitations mandated by the Bankruptcy Code, Debtors' case must be either dismissed or converted to another chapter.

For reasons stated herein and by separate order, the objection and motion of the United States is sustained, and Debtors' objection to the IRS claim is overruled without prejudice to their contesting the IRS claim in some other appropriate proceeding and forum. Debtors will be given time to file a motion to convert the bankruptcy case to one under another chapter of the Bankruptcy Code. If they do not do so, this case will be dismissed.