**In re Jack L. McCLASKIE, Debtor.**

**Bankruptcy No. 2–88–01180.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Oct. 7, 1988.

William A. Semons, Columbus, Ohio, for debtor.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

## ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon the requested confirmation of a Chapter 13 plan proposed by Jack L. McClaskie and upon this Court's independent obligation to find that all statutory tests for confirmation, as set forth in 11 U.S.C. § 1325, are met. In this case the confirmation standard in question is the requirement that the plan comply "with the provisions of this chapter and with the other applicable provisions of this title." 11 U.S.C. § 1325(a)(1).

The Court has jurisdiction in this matter under 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This matter, involving confirmation of a proposed Chapter 13 plan, is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) in which this bankruptcy judge may enter a final order.

The plan proposed by the debtor calls for payments of $1,325.83 each month to the Chapter 13 trustee for payment in full of all allowed secured and priority unsecured

claims and a dividend of 21% for all allowed unsecured claims. The plan is expected to last approximately 36 months.

The debtor filed his Chapter 13 case on March 7, 1988. His schedule of liabilities showed secured debts totalling $60,509. Such debts included a first mortgage against the debtor's residence in the amount of $45,918 and debts for the purchase of two vehicles and an organ. The schedule of unsecured, liquidated, noncontingent debts totalled $126,204 without inclusion of a contingent obligation in the amount of $25,500 for which the debtor is a co-obligor. That total includes an undisputed obligation to the Internal Revenue Service ("IRS") in the amount of $65,804.05 for unpaid income taxes for the years 1981–1983. That obligation was specifically indicated· as "non-priority."

At the meeting of creditors on April 13, 1988, the Chapter 13 trustee indicated by his recommendation that a question existed as to the debtor's eligibility for relief under the provisions of Chapter 13 of the Bankruptcy Code. That question arose because of the amount of unsecured debt.

In response to the trustee's expressed concern, on April 20, 1988, the debtor amended his schedule of assets and liabilities to show his debt to IRS as a secured obligation. The obligation to IRS correspondingly was deleted from the unsecured schedule. That change apparently reflected discovery of a tax lien. Likewise, the debtor then reflected a lien in the amount of $65,804.05 against his residence in addition to a $45,918 mortgage obligation. Deletion of the IRS obligation from the schedule of unsecured debts decreased the amount of noncontingent unsecured debts to $60,399.95, an amount which is within the eligibility limit.

The debtor's asset schedules indicated a value of $68,000 for the residence; an appraisal filed with the Court also showed an uncontested value of $68,000–$69,500 for that property. Because a substantial portion of IRS' claim, in the approximate amount of $50,000, will be an unsecured claim pursuant to 11 U.S.C. § 506(a), and because the amount by which the claim is undersecured causes the debtor's unsecured obligations to exceed $100,000 despite the existence of the tax lien, the trustee continues to challenge the debtor's eligibility for relief under Chapter 13.

Eligibility for relief under Chapter 13 is determined by 11 U.S.C. § 109(e) which states in pertinent part:

§ 109(e). Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, ... may be a debtor under Chapter 13 of this title.

The debtor asserts that it is inappropriate to "split" or bifurcate his secured debts into secured and unsecured portions for purposes of determining his eligibility for Chapter 13 relief. In support of this position the debtor relies upon *Comprehensive Accounting Corp. v. Pearson (In re Pearson)*, 773 F.2d 751 (6th Cir.1985). For reasons stated below, the Court finds that the debtor's reliance upon *Pearson* is misplaced.

The debtors in *Pearson* disputed an obligation which was critical for purposes of eligibility. That obligation was also contested as to the debtors' liability in their individual capacities. While later amendments changed the nature of the contested obligation, the debtors continued to challenge their personal liability. In *Pearson* it was clear that not only was liability contested, but whether the claim was secured or unsecured was also disputed. The Court of Appeals for the Sixth Circuit held that the representations in the debtors' schedules should be accepted for eligibility purposes without first liquidating the obligation so long as the scheduled representations were made in good faith and not for the purpose of manipulating the eligibility requirement. This Court is bound by the *Pearson* decision and also agrees with it. But the facts in this case are not analogous to those in *Pearson*.

First, this debtor's obligation to IRS is not disputed, unliquidated or contingent as those terms are normally understood. In

fact, as the debtor initially scheduled the obligation, ineligibility for Chapter 13 relief was facially evident. Certainly a debtor may amend his schedules to correct a misperception of the status of an obligation and an amendment can be used in certain circumstances, as it was here, to disclose a newly-discovered lien and thereby eliminate a challenge to eligibility. Such an amendment cannot, however, confer eligibility for relief under Chapter 13 where, from the face of the schedules, it is certain that any claim for such debt will not be entirely secured and the extent of such undersecurity will cause a problem with eligibility. In such circumstances the amount claimed as secured is merely colorable or pretextual for the purpose of conferring eligibility. See *Pearson*, 773 F.2d at 757.

The debtor's scheduled values for his real property and the appraisal submitted to the Court make it clear that IRS' interest in the real property, for purposes of ascertaining its allowed secured claim, could not exceed $15,500. This recognizes a deduction for reasonable costs of sale at 10% and the mortgage obligation, but does not recognize the homestead exemption, which may not be effective against a statutory tax lien. It is not properly assertable that merely placing an obligation on a schedule of secured debts makes it a fully secured obligation. Neither the Court nor the debtor is permitted to close its eyes to the obvious, as reflected by the schedules. This debtor may well be an individual for whom Chapter 13 relief would be appropriate and, perhaps, Congress should increase the monetary limits for eligibility as a Chapter 13 debtor. Until such increase occurs, however, this Court is not free to ignore the statutory requirements.

The debtor also relies on the holding of *In re Morton*, 43 B.R. 215 (Bankr.E.D.N.Y. 1984). The *Morton* court distinguished between a "claim" and a "debt" and found that bifurcation of claims into allowed secured and unsecured claims happens only in the claims allowance process and is not properly to be taken into account in determining the eligibility requirement. Although this Court agrees with the *Morton* court that a debtor's eligibility for Chapter

13 relief should not have to await the conclusion of the claims period and that a Chapter 13 repayment plan is to be processed quickly, this Court believes it is an overly technical reading of § 506(a) and its impact upon a case to ignore the obvious bifurcation which will occur if the claims are filed as scheduled and the debtor's valuation of the liened property is unchallenged. Instead, this Court finds that the claims process is to be assumed, given the debtor's schedules of values and liabilities, absent a showing of bad faith. To do otherwise is to ignore obvious realities.

Based upon the foregoing, the Court finds that debtor Jack McClaskie has unsecured debts in excess of those permitted by 11 U.S.C. § 109(e) for eligibility for relief under Chapter 13 of the Bankruptcy Code. The debtor's plan, therefore, fails to comply with all provisions of Title 11 and cannot be confirmed. See 11 U.S.C. § 1325(a)(1).

The debtor has twenty (20) days from the entry of this order to convert his case to one under Chapter 7 or Chapter 11 of the Bankruptcy Code or to take such other action as he deems appropriate. If no timely action is taken within that period of time, the Court will dismiss this case.

IT IS SO ORDERED.