Robert MILLER, Appellant,

v.

UNITED STATES of America, acting Through the FARMERS HOME ADMINISTRATION, Appellee.

No. 89–5260.

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1990.

Decided July 3, 1990.

John Harmelink, Yankton, S.D., for appellant.

R.P. Murley, Sioux Falls, S.D., for appellee.

Before LAY, Chief Judge, WOLLMAN, Circuit Judge, and STUART*, Senior District Judge.

STUART, Senior District Judge.

Debtor Robert Miller appeals from the District Court's[1] Order finding him ineligible for relief under Chapter 13 of the Bankruptcy Code, Title 11 of the United States Code. We affirm.

## I. FACTS

On October 11, 1988, Miller filed a voluntary Chapter 13 bankruptcy petition, claiming secured debts of $208,723.37, and an unsecured debt of $28,974.09. Among the secured debts were a first mortgage on 120 acres to the Federal Land Bank of Omaha in the amount of $21,501.45, and a second mortgage on these same 120 acres to the FmHA in the amount of $173,798.33. The debtor listed these 120 acres as having a present market value of $40,238.84, after payment of taxes of $1,761.16. This value did not include deductions for the mortgages or other security interests. Therefore, the debtor listed the FmHA's claim on these 120 acres as secured in the amount of $22,500.00 (value of land less amount of first mortgage plus a $5,000 chattel claim to farm equipment), and undersecured in the amount of $151,288.00.

At the Chapter 13 confirmation hearing an unsecured creditor (Stern Oil Company) and the Office of the United States Attorney, on behalf of the FmHA, claimed that Miller was not eligible for Chapter 13 proceedings because the amount of unsecured debt exceeded the $100,000 limitation in violation of 11 U.S.C. § 109(e). The Bankruptcy Court denied the creditor's objection and issued an order confirming the Chapter 13 plan on December 12, 1988. On appeal from that Order, the district court found that Miller's debts exceeded the limits of 11 U.S.C. § 109(e) and remanded the case to the Bankruptcy Court with instructions to dismiss the Chapter 13 plan. In this appeal, Miller claims that the district court erred in finding that he was not qualified for relief under Chapter 13, and that the FmHA is equitably estopped from contesting his eligibility.

## II. CHAPTER 13 ELIGIBILITY

Section 109(e) of Title 11 of the United States Bankruptcy Code provides that "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 ... may be a debtor under Chapter 13 of this title."

Miller's filings show that his debt to the FmHA was undersecured in the amount of $151,288.00 on the date of the filing of the petition. The issue is whether an undersecured debt should be treated as secured or unsecured in determining Chapter 13 eligibility. Miller argues that the court need only satisfy itself that a valid lien exists to characterize a debt as secured. The FmHA urges this court to

* The Honorable William C. Stuart, Senior District Judge for the Southern District of Iowa sitting by designation.

1. The Honorable John B. Jones, United States District Judge for the District of South Dakota.

adopt the test contained in 11 U.S.C. § 506(a) to determine the character of debts for purposes of satisfying the debt limitations of section 109(e). Section 506(a) provides in relevant part, that

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.

Thus, even where there is a lien on the debt, a creditor has a secured claim only to the extent of the value of his collateral and an unsecured claim for the balance. *Matter of Day*, 747 F.2d 405, 406 (7th Cir.1984). The majority of courts examine the true value of collateral securing a debt when evaluating a debtor's eligibility for Chapter 13 relief under 11 U.S.C. § 109(e). *See e.g., Matter of Day*, 747 F.2d at 406, *In re Bobroff*, 32 B.R. 933 (Bankr.E.D.Pa.1983), *In re Ballard*, 4 B.R. 271 (Bankr.E.D.Va. 1980), *In re Potenza*, 75 B.R. 17 (Bankr. Nev.1987), and *In re Matter of Martin*, 78 B.R. 928 (Bankr.S.D.Iowa 1987). *See also* 3 *Collier on Bankruptcy* ¶ 506.01, at 406–2 (15th ed. 1979) ("[T]he term 'secured claim' as used throughout the Code refers to a secured claim as determined under section 506.") *Compare In re Morton*, 43 B.R. 215 (Bankr.E.D.N.Y.1984) and *In re King*, 9 B.R. 376 (Bankr.D.Or.1981).

We agree with the majority line of reasoning. If the courts cannot look beyond the mere existence of a piece of paper creating a security interest a debtor could easily circumvent the debt limitations of § 109(e). Of major concern to the courts holding that the whole portion of debt should be considered secured is the potential delay of a determination of eligibility, through a formal determination of secured status, until the case has substantially progressed towards the debtor's reorganization. *In re Morton*, 43 B.R. at 220. As Miller's filings in this case show on their face that the unsecured debt clearly exceeds the § 109(e) debt limitations, we need not decide at this time whether the applica-

bility of the debt limitation is to be determined by the debtor's good faith filings alone or whether a factual issue could be raised as to the debtor's evaluation of his secured and unsecured debts and the property serving as security. We therefore hold that the test of 11 U.S.C. § 506(a) should be used to determine the character of debts for purposes of 11 U.S.C. § 109(e). The district court was correct in finding Miller ineligible.

## III. EQUITABLE ESTOPPEL

 Miller claims that the FmHA should be estopped from contesting his eligibility for a Chapter 13 plan. He claims that the FmHA agreed to the proposed plan and received payments based upon the agreement. The district court found that the FmHA's participation at the meeting of the creditors did not constitute a waiver of its right to object at the confirmation hearing to confirmation of the plan. *See In re Huckabee Auto Company*, 33 B.R. 141, 149 (Bankr.D.M.D.Ga.1981). 11 U.S.C. § 1324 gives any party in interest the unqualified right to object to confirmation of the Chapter 13 plan.

 Additionally, even if the doctrine of equitable estoppel is available as a defense against the United States at all, an issue the Supreme Court has explicitly left open, *see Heckler v. Community Health Services, Inc.*, 467 U.S. 51, 60, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1984), its application is at least sharply curtailed. *See Equibank, N.A. v. Wheeling–Pittsburgh Steel Corp.*, 884 F.2d 80, 88 (3rd Cir.1989). As the Tenth Circuit has observed, "courts invoke the doctrine of estoppel against the government with great reluctance." *United States v. Browning*, 630 F.2d 694, 702 (10th Cir.1980), *cert. denied*, 451 U.S. 988, 101 S.Ct. 2324, 68 L.Ed.2d 846 (1981). The government "may not be estopped on the same terms as any other litigant." *Heckler*, 467 U.S. at 60, 104 S.Ct. at 2224. In order to succeed in asserting equitable estoppel against the United States, a party must at least show "affirmative misconduct" by the government in addition to

establishing the traditional elements of estoppel. *See e.g., United States v. Asmar,* 827 F.2d 907, 911–13 (3rd Cir.1987).

The government was within its rights in participating in the development of the plan and in later objecting to Miller's Chapter 13 status. We see nothing in the record which would warrant estopping the United States from challenging Miller's Chapter 13 status.

The district court's opinion is affirmed.