**In re Calman H. RIFKIN and Mindy Rifkin, Debtors.**

**Bankruptcy No. 190–10659–260.**

United States Bankruptcy Court,
E.D. New York.

March 15, 1991.

Charles R. Tropp, Staten Island, N.Y., for debtor.

Stuart P. Gelberg, Fischoff & Gelberg, Garden City, N.Y., for trustee.

## DECISION

CONRAD B. DUBERSTEIN, Chief Judge.

The Chapter 13 trustee moves this Court for an order pursuant to 11 U.S.C. §§ 1307(c) and 109(e) dismissing, or converting this case to one under Chapter 7 of the Bankruptcy Code on the grounds the Debtors' unsecured debts exceed $100,000. For the reasons set forth below, the trustee's motion is granted. The case is dismissed unless the Debtors timely convert it to a Chapter 7 or Chapter 11 case.

## FACTS

On February 22, 1990, Calman H. Rifkin and his wife Mindy Rifkin (the "Debtors") filed a joint petition for relief under Chapter 13 of the Bankruptcy Code. The schedules filed by the Debtors pursuant to Bankruptcy Rule 1007 list $70,124.29 in unsecured debt and $271,654.00 in secured debt. The Debtors' schedule of real property lists a one family house located at 647 Klondike

Avenue, Staten Island, New York (the "Property") valued at $202,600.

Included in its list of secured debt is a debt owed to Arlen Communications/Flo., Inc. ("Arlen") in the amount of $81,400.00 which is secured by a lien on the Property. The Property also serves as collateral for two senior mortgages totaling $165,897.00. Thus the Property secures debt which exceeds its fair market value by $44,697. Recognizing this, the court entered an order dated July 9, 1990, on motion of the Debtors and after a hearing, bifurcating Arlen's claim into an unsecured claim of $44,697 and a secured claim of $36,703 pursuant to § 506(a)[1] of the Code. As a result of the bifurcation of Arlen's claim, the Debtors' unsecured debt stands at $114,821.29 consisting of the aforementioned unsecured debt as set forth in the Debtors' schedules plus the aforesaid unsecured portion of Arlen's debt amounting to $44,697.

The trustee argues that inasmuch as the Debtors' unsecured debt exceeds $100,000, they are ineligible for relief under Chapter 13.[2]

## DISCUSSION

The issue before this Court is whether the portion of an allowed claim rendered unsecured pursuant to section 506(a) of the Bankruptcy Code should be considered unsecured debt in making the determination of whether a debtor is eligible for Chapter 13 relief.

The Debtors argue that they are eligible because eligibility, pursuant to § 109(e) is determined by looking at one's "debts" instead of at one's "claims." They note that the Code distinguishes between the terms "debt" and "claim" and that section 109(e) specifically refers to "debts". They also maintain that not all debts listed in their

---

1. 11 U.S.C. § 506(a) states in pertinent part: An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.

2. Section 109(e) of the Bankruptcy Code provides that "[o]nly an individual with the regular income that owes, on the date of the filing of the petition, non-contingent, liquidated, unsecured debts of less than $100,000 and noncontingent, unsecured debts of less than $350,-000.... may be a debtor under Chapter 13 of this title."

schedules necessarily become claims and cite as examples; claims time barred by late filing, claims subordinated pursuant to § 510 or bifurcated pursuant to § 506(a). Accordingly, they argue that the Court should look at the Debtors' debts as they existed at the time of filing to determine whether or not they are eligible for relief under Chapter 13. In support of their contention they note that at the time of filing they had only $70,125.29 of unsecured debt, Arlen's claim not yet having been bifurcated. Thus they maintain that the debt owed to Arlen would have remained fully secured if they had not moved under § 506(a). These arguments are erroneous.

Although the terms "claim" and "debt" are defined in different terms, the distinction is not meaningful in this context. "A claim is essentially a right to payment. 11 U.S.C. § 101(4). A debt is a liability on a claim. 11 U.S.C. § 101(11). The legislative history to section 101(11) states that the "terms are coextensive: a creditor has a 'claim' against the debtor; the debtor owes a 'debt' to the creditor." *In re Morton,* 43 B.R. at 220 (citing H.R.Rep. No. 595, 95th Cong., 1st Sess. 310, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6267; *see* S.Rep. No. 989, 95th Cong., 2d Sess. 23, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5809). Debt and claim are flip sides to the same coin.

Implicit in the Debtors' argument is the incorrect assumption that the term "secured debt" is merely a label with no independent importance or meaning. Whether a debt is fully secured or not depends on the amount of the debt compared to the value of the collateral securing that debt. Regardless of how the Debtors listed Arlen's debt in their schedules, the fact remains that the debt was undersecured at the time the Debtors filed for relief. "[I]t is an overly technical reading of § 506(a) and its impact upon a case to ignore the obvious bifurcation which will occur if the claims are filed as scheduled and the debtor's valuation of the liened property is unchallenged. Instead ... the claims process is to be assumed, given the debtor's schedules of values and liabilities, absent a showing of bad faith." *In re McClaskie,* 92

B.R. 285, 287 (Bankr.S.D.Ohio 1988). From the facts as they appear above, it is abundantly clear that at the time the Chapter 13 petition was filed, Arlen was undersecured to the extent of $44,697 and thus the Debtors' total unsecured debt exceeded $100,000.

The Debtors, relying on *In re Morton,* 43 B.R. 215 (Bankr.E.D.N.Y.1984) and *Matter of Pearson,* 773 F.2d 751 (6th Cir.1985), maintain that the portion of a claim left unsecured after bifurcation under § 506(a) should not be considered in determining whether a debtor is eligible to file for Chapter 13. The Court in *Morton* held that the portion of an allowed claim rendered unsecured pursuant to section 506(a) should not be considered in determining whether a debtor was eligible for relief under Chapter 13. The Court noted that section 506(a) only provides for the bifurcation of an allowed claim and that a claim is only "allowed" after it is filed and all objections to the claim resolved. It reasoned that it would be a waste of time and resources to have to wait to determine the Debtor's eligibility for relief under Chapter 13 until such potentially time consuming process was completed.

This Court is not unmindful of the concern expressed in *Morton* that a Chapter 13 case should be administered without delay. However, it is not a forgone conclusion that including the unsecured portion of a debt bifurcated under § 506(a) when determining eligibility for relief under Chapter 13 will result in undue delay. *See In re Miller,* 907 F.2d 80, 82 (8th Cir.1990); *In re Edmonston,* 99 B.R. 995, 999 (E.D.Cal. 1989). There was no delay in this case. After the court signed its order of July 9, 1990, granting the Debtors' motion to bifurcate the claim, the trustee then promptly made a motion to dismiss or convert the debtor's case.

In *Matter of Pearson,* cited above by the Debtors in support of their argument, there the debtors listed a debt as both secured and unsecured stating that the amount of each was unknown and in dispute. Later, after the dispute was resolved, the debtors amended their sched-

ules to reflect an unsecured debt in the amount of $127,450.12. The Sixth Circuit held that the debtors were eligible for relief. The Court reasoned that Chapter 13 eligibility should normally be determined by the debtor's schedules checking only to see if the schedules were filed in good faith on the theory that section 109(e) considers debts as they exist at the time of filing. *Pearson,* 773 F.2d at 756–57.

Even if we accepted the argument that eligibility for should be based on the information in the schedules as of the date of filing, the Debtors in this case would be ineligible for relief under Chapter 13. Here, the Debtors' schedules, on their face, reflect facts that rendered them ineligible for relief under Chapter 13. The Schedules list their Property as having a fair market value of $202,600 encumbered by debt exceeding the value of the property by $44,697. Thus it was clear on the face of the schedules that the debt should be bifurcated into secured and unsecured claims and once that occurred the Debtors' unsecured debt would amount to $114,821.29 thus exceeding the jurisdictional of $100,000 limit set by § 109(e).

This Court is of the opinion that the view adopted by a majority of the jurisdictions is correct and that the unsecured portion of an undersecured debt should be included in the § 109(e) determination. *See e.g., Miller v. U.S. Through Farmers Home Admin.,* 907 F.2d 80 (8th Cir.1990); *In re Day,* 747 F.2d 405 (7th Cir.1984); *In re Jerome,* 112 B.R. 563 (Bankr.S.D.N.Y.1990); *In re Bos,* 108 B.R. 740 (Bankr.D.Mont.1989); *In re Clark,* 91 B.R. 570 (Bankr.D.Colo.1988); *In re McClaskie,* 92 B.R. 285 (Bankr.S.D.Ohio 1988); *In re Potenza,* 75 B.R. 17 (Bankr.D. Nev.1987); *In re Koehler,* 62 B.R. 70 (Bankr.D.Neb.1986); *In re Krull,* 54 B.R. 375 (Bankr.D.Colo.1985); *In re Heyer,* 13 B.R. 610 (Bankr.E.D.Va.1981).

The majority view is preferable since it avoids elevation of form over substance. The reason for allowing courts to look beyond schedules and petitions is to prevent a debtor from circumventing the rules. If the court could not examine the value of the collateral, a debtor could file unsecured debt of $99,999, an amount within section 109(e) limitations, without the creditors being able to dismiss the Chapter 13. *U.S. v. Edmonston,* 99 B.R. at 999. In the instant case, it is not even necessary to look beyond the Debtors' schedules since it is obvious on the face of the Debtors' papers that they are ineligible for relief under Chapter 13. It is unreasonable for the Court to turn a blind eye to uncontested facts contained in the schedules.

* The trustee's motion seeks either to have this case converted to a Chapter 7 case or dismissed. Whether the debtor is eligible to proceed under Chapter 13 is in essence a motion to dismiss. Therefore the motion to convert shall be denied but the motion to dismiss is granted unless the Debtors take steps to convert this case to one under Chapter 7 or Chapter 11.

## CONCLUSION

1. This court has jurisdiction under 28 U.S.C. § 1334 and 28 U.S.C. § 157(a) to make a determination with respect to the trustee's motion to dismiss or convert this Chapter 13 case. Such a determination is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (B).

2. The Debtors are ineligible for relief under Chapter 13 of the Bankruptcy Code because their noncontingent, liquidated, unsecured debts at the time of filing are not less than the $100,000 limitation expressed in 11 U.S.C. § 109(e).

3. The Chapter 13 trustee's motion to dismiss is granted to the extent that this case is dismissed unless the Debtors submit an order within ten days after the entry of this order directing the case be converted to one under Chapter 7 or moves within that period under § 1307(d) to convert it to one under Chapter 11. Settle Order consistent with this opinion.