In re O. Kenneth MASON and Barbara Sue Mason, Debtors.

Bankruptcy No. 1–90–00470.

United States Bankruptcy Court, N.D. Ohio, W.D.

Oct. 8, 1991.

Steven L. Diller, Van Wert, Ohio, for debtors.

Verne K. Armstrong, Asst. U.S. Atty., Toledo, Ohio, on behalf of U.S. on behalf of F.H.A.

Anthony B. DiSalle, Toledo, Ohio, Trustee.

OPINION AND ORDER SUSTAINING OBJECTION TO CONFIRMATION OF PLAN AND GRANTING DEBTORS LEAVE TO CONVERT OR DISMISS

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon objections of United States of America, on behalf of the Farmers Home Administration and the trustee to confirmation of Debtors' chapter 13 plan. Upon consideration thereof, the court finds that said objections are well taken and that Debtors should be granted leave to convert or dismiss their case.

FACTS

The parties have stipulated to certain facts:

1. This case was commenced on February 16, 1990 under chapter 13 of title 11. Under the official form no. 10, question 12(b) there was listed as a secured claim the United States Department of Agriculture Farmers Home Administration in the amount of $270,250.90.

2. That the Debtors have filed a second amended chapter 13 plan which is acceptable to the parties to this proceeding if confirmed by the court.

3. The parties agree that under the plan, FmHA has a secured claim in real estate, machinery and livestock as a result of the plan treatment in the amount of $113,778.00 and an unsecured claim in the amount of $165,939.31.

4. As a result of the agreement of the parties, FmHA has filed a secured claim in the amount of $113,778.00 and an unsecured claim in the amount of $165,939.31. The Debtor has not objected to such claims as they are in accordance with the agreement between the parties.

Agreed Statement of Facts and Issue of Law (August 20, 1991). The parties agree that the issue before the court is "whether the Debtors are eligible for relief under chapter 13 and in particular, the provisions of 11 USC 109(e)." *Id.* at 2.

The trustee objects to Debtors' plan stating that the amended, unsecured claim of FmHA, in the amount of $165,939.13, causes Debtors to be ineligible for chapter 13 relief as the debt limitations have been exceeded. Previously, FmHA and Debtors entered into a stipulation granting FmHA a secured claim in the amount of $113,778.00 and an unsecured claim in the amount of $165,939.31. The trustee contends that these amounts are in line with Debtors' original petition and plan as, despite Debtors' scheduling of FmHA as secured in the amount of $276,250.90 and unsecured in the amount of $15,233.87, Debtors' treatment of FmHA in their plan sets forth a secured value to FmHA of $97,178.00. The trustee also maintains that Debtors' proposed payment will produce a "very small dividend" and does not appear to be filed in good faith. Lastly, the trustee claims that "cause" has not been shown permitting this court to extend Debtors' plan for five years, pursuant to their motion to extend, and the trustee requests dismissal or conversion of Debtors' case.

## DISCUSSION

 Section 109(e) specifies eligibility for relief under chapter 13. That section provides in pertinent part that:

[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 ... may be a debtor under chapter 13 of this title.

Eligibility for chapter 13 relief is determined by those debts which Debtor has on the date of the filing of his petition. *Matter of Pearson*, 773 F.2d 751 (6th Cir.1985). That is,

a court should rely primarily upon the debtor's schedules checking only to see if the schedules were made in good faith on the theory that section 109(e) considers debts as they exist at the time of filing, not after a hearing.

*Pearson*, 773 F.2d at 756 (citation omitted).

Debtors' petition lists FmHA as a creditor secured by an interest in real estate, machinery and livestock, in the approximate amount of $270,250. Petition, Chapter 13 Statement at 4A. Debtors also state that the real estate upon which FmHA holds a mortgage is presently valued at $77,000, with a mortgage in the amount of $187,496.48. *Id.* at 5A. Utilizing these figures, it appears that because the value of the collateral securing FmHA's claim is substantially less than its outstanding claim, FmHA represents an undersecured creditor in an amount over $100,000. *See In re Rifkin*, 124 B.R. 626, 21 B.C.D. 734 (Bkrtcy.E.D.N.Y.1991) (it is clear on the face of the schedules that the debt should be bifurcated into secured and unsecured claims and once that occurred the Debtors' unsecured debt would exceed the jurisdictional limit). Further evidence of this unsecured claim is reflected in FmHA's amended proof of claim in the amount of $165,939.31. Thus, Debtors' ineligibility for chapter 13 relief is facially evident upon review of their petition; Debtors' petition and plan should, then, be dismissed. *See In re McClaskie*, 92 B.R. 285 (Bkrtcy. S.D.Ohio 1988).

The issue in *Miller v. U.S. through Farmers Home Admin.*, 907 F.2d 80 (8th Cir.1990), was whether an undersecured debt should be treated as secured or unsecured in determining chapter 13 eligibility. *Id.* at 81. The *Miller* court stated that:

a creditor has a secured claim only to the extent of the value of his collateral and an unsecured claim for the balance. The majority of courts examine the true value of collateral securing a debt when

evaluating a Debtor's eligibility for chapter 13 relief under 11 U.S.C. § 109(e).

\* \* \* \* \* \*

... We therefore hold that the test of 11 U.S.C. § 506(a) should be used to determine the character of debts for purposes of 11 U.S.C. § 109(e).

*Id.* at 82 (citations omitted). *See also Rifkin,* 124 B.R. at 627 (whether a debt is fully secured or not depends on the amount of the debt compared to the value of the collateral securing that debt; regardless of how Debtors listed the debt in their schedules, the fact remains that the debt was undersecured at the time of petition); *McClaskie,* 92 B.R. 285 (it is not properly assertable that merely placing an obligation on a schedule of secured debts makes it a fully secured obligation); *In re Clark,* 91 B.R. 570 (Bkrtcy.D.Colo.1988) (as a matter of law and as a matter of logic and fairness, calculation of bona fide deficiency claims of undersecured creditors is appropriate in determining total unsecured debt of a chapter 13 Debtor).

Section 506(a) provides in pertinent part that:

> [a]n allowed claim of a creditor secured by a lien on property ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.

In the instant case, following § 506, and using Debtor's figures, FmHA has an unsecured claim exceeding $100,000. *See supra* p. 878. Because Debtors' unsecured debts exceed $100,000, Debtors are ineligible for relief under chapter 13. 11 U.S.C. § 109(e).

■ Additionally, the court may look beyond Debtors' petition in determining their eligibility for chapter 13 relief. *See Matter of McGovern,* 122 B.R. 712 (Bkrtcy. N.D.Ind.1989) (Debtor's eligibility for relief under chapter 13 is not determined solely by reference to the debts and claims as he has chosen to schedule them). If the court were prohibited from reviewing the record

herein, in order to determine chapter 13 eligibility, Debtors would "be permitted to circumvent its debt ceilings by the artful manipulation of the information contained in the bankruptcy filings." *Id.* at 714. *See Clark,* 91 B.R. at 573 (to rely exclusively on Debtor's characterization of the debt as secured, only, and ignore the realities of collateral value and undersecured claims is to disregard the Code language and its intent).

■ Finally, regarding eligibility, Debtors should not be permitted to inconsistently treat the claim of FmHA. *See In re Bos,* 108 B.R. 740, 742 (Bkrtcy.D.Mont. 1989). Debtors' amended plan provides for payment to FmHA on a secured claim of $113,278.00 and provides that FmHA "shall be required to file an unsecured claim ... in order to share in treatment accorded unsecured creditors." Amended Chapter 13 Plan at 2 (August 22, 1990). FmHA filed an amended proof of claim, as unsecured, in the amount of $165,939.31. Thus, Debtors seek inconsistent treatment of FmHA's claim; they contend that FmHA is unsecured in an amount less than $100,000 for purposes of eligibility, but that FmHA is unsecured in an amount over $100,000 for purposes of repayment. The court will not permit this inconsistency, and, as stated, finds Debtors ineligible for chapter 13 relief. Although Debtors contend that if they are found ineligible for chapter 13, they will be unable to meet the eligibility requirements of chapter 12 and will, then, be required to convert to a chapter 11 case, which will result in delay in creditors' repayment and subject Debtors to additional costs, unless Congress increases the monetary limits for eligibility, "this court is not free to ignore the statutory requirements." *McClaskie,* 92 B.R. at 287. *See also Pearson,* 773 F.2d at 757 (congress intended to limit the class of persons who might avail themselves of access to chapter 13).

In light of the foregoing, it is therefore

ORDERED that the objections to confirmation of Debtors' plan be, and hereby are, sustained. It is further

ORDERED that Debtors be, and hereby are, granted ten days from the date of this

order in which to convert their case; failure to convert will result in dismissal without further notice or hearing.