**UNITED STATES of America, Plaintiff,**

v.

**David DALLAS and Debra Dallas, Defendants.**

**Civ. A. No. 93–0002–B M.**

United States District Court, S.D. Alabama, S.D.

April 14, 1993.

William R. Sawyer, Asst. U.S. Atty., Mobile, for plaintiff.

Robert H. Turner, Marion, for defendants.

### OPINION AND ORDER

BUTLER, District Judge.

This matter is before the court on the appeal of the United States from the orders of the Bankruptcy Court confirming the debtors' chapter 13 plan, sustaining the debtor's objection to its claim for trust fund tax liability under 26 U.S.C. § 6672, and denying its motion for discovery sanctions under Fed.R.Civ.P. 37(d).

### Background

On October 11, 1991, debtors David and Debra Dallas filed a Chapter 13 petition in the United States Bankruptcy Court for the

Southern District of Alabama. On November 25, 1991, the Internal Revenue Service ("IRS"), on behalf of the United States, filed a secured claim against both debtors in the amount of $449,510.21 based on assessments made against the debtors under 26 U.S.C. § 6672. On November 20, 1991, the United States moved to dismiss the case for lack of jurisdiction under Chapter 13. The United States then filed an objection to the debtors' Chapter 13 plan. On April 28, 1992, the debtors filed an objection to the claim of the United States.

During the pendency of the case, the debtors failed to respond to discovery requests made by the United States. On June 23, 1992, the Bankruptcy Court granted the United States' motion to compel. The government then filed a motion for attorney's fees and expenses incurred in connection with the motion to compel.

The Bankruptcy Court held hearings on the above motions on August 20, 1992, and November 18, 1992. On December 11, 1992, the Bankruptcy court entered an order confirming the Chapter 13 plan, an order sustaining the debtors' objection, and an order denying the government's motion to dismiss and its motion for attorney's fees and expenses. This appeal followed.

### Analysis
#### Motion to Dismiss

The government's first contention is that the Bankruptcy Court erred in allowing the debtors to proceed under Chapter 13. "Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 ... may be a debtor under Chapter 13...." 11 U.S.C. § 109(e). In the instant case, the United States claims a secured debt of $449,510.21 that is undersecured by more than $100,000 because the debtors have assets of only $49,-180. The debtors disputed the validity of the claim, but not the amount.

■ The computation of the debt limits under § 109(e) is unaffected by whether the debt is disputed. *See Matter of Pearson*, 773 F.2d 751, 754 (6th Cir.1985); *In re Sylvester*, 19 B.R. 671 (Bankr. 9th Cir. 1982). In *Miller v. United States*, 907 F.2d 80 (8th Cir.1990), the only authority cited by the appellees for the contrary position, the court specifically declined to decide whether the applicability of the debt limitation is to be determined on the debtor's good faith filings alone. *Id.* at 82. Because the amount of the claim made by the United States is readily ascertainable, its claim is liquidated within the meaning of § 109(e). *See Pearson*, 773 F.2d at 754. Because this amount exceeded the limits of § 109(e), the Bankruptcy Court erred in allowing the debtors to proceed under Chapter 13.

#### Confirmation of the plan/sustaining the debtors' objection to the government's claim

Because the Bankruptcy Court should not have allowed the debtors to proceed under Chapter 13, the court need not address the government's contention that the Bankruptcy Court erred in confirming the debtors' Chapter 13 plan.

#### Sanctions

■ The government's final issue on this appeal is that the Bankruptcy Court erred when it failed to award attorney's fees and costs with respect to the government's motion to compel discovery, which the Bankruptcy Court granted. Fed.R.Civ.P. 37(d) provides that the court granting such a motion shall require the party failing to respond to a discovery request to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified of that other circumstances make an award of expenses unjust. In the instant case, the Bankruptcy Court denied the government's motion for an award of fees and expenses without giving the reasons for the denial. Accordingly, the matter must be remanded to the Bankruptcy Court for a factual determination of whether the debtors' failure to respond was substantially justified or whether other circumstances make an award of expenses unjust.

*Conclusion*

For the reasons set forth above, the ruling of the Bankruptcy Court is **REVERSED.** The Bankruptcy Court erred in allowing the debtors to proceed under Chapter 13. The matter is **REMANDED** to the Bankruptcy Court with instructions to dismiss the action or convert it to Chapter 7 or 11, as appropriate, and to determine whether the debtors' failure to respond to discovery warrants the application of sanctions.

It is so **ORDERED.**