In re James Leon **HARROLD,** Sr., Debtor.

No. 00–80231F.

United States Bankruptcy Court, W.D. Arkansas, Fayetteville Division.

Sept. 6, 2000.

Matthew Fleming, Fort Smith, AR, for debtor.

David D. Coop, North Little Rock, AR, trustee.

**ORDER**

ROBERT F. FUSSELL, Bankruptcy Judge.

Pending before the Court are the United States' Motion for Summary Judgment on its Motion to Dismiss, and the Debtor's Response to United State's [sic] Motions to Dismiss and For Summary Judgment.

The debtor filed his Voluntary Petition on February 25, 2000. On the debtor's Schedule D, he listed a statutory lien held by the Internal Revenue Service in the amount of $295,939, with the unsecured portion of that lien as $286,354. According to 11 U.S.C. § 109(e), "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $269,250 and noncontingent, liquidated, secured debts of less than $807,750 . . . may be a debtor under chapter 13 of this title." The debtor argues that the "unpaid portions of secured debt" are not necessarily included in determining eligibility under § 109(e). However, according to the Eighth Circuit Court of Appeals, "11 U.S.C. § 506(a) should be used to determine the character of debts for purposes of 11 U.S.C. § 109(e)." *Miller v. United States,* 907 F.2d 80, 82 (8th Cir.1990). Under § 506(a), " 'an allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and

is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.' Thus, even where there is a lien on the debt, a creditor has a secured claim only to the extent of the value of his collateral and an unsecured claim for the balance." *Id.* (quoting § 506(a), and citing *Matter of Day,* 747 F.2d 405, 406 (7th Cir.1984)). Based on this reasoning, the debtor's argument that "unpaid portions of secured debt" are not necessarily included in determining eligibility under § 109(e) fails.

■ The debtor also filed a Motion for Refund of Unlawfully Ordered Payments on August 1, 2000. In this Court's Pre–Hearing Order filed on August 22, 2000, this Court stated that the Order Revoking Confirmation filed May 17, 2000, made the debtor's Motion for Refund of Unlawfully Ordered Payments moot. In the debtor's plan that was filed on February 25, 2000, the debtor proposed monthly payments in the amount of $300 to the chapter 13 trustee. Under the bankruptcy code, "the debtor shall commence making the payments proposed by a plan within 30 days after the plan is filed." 11 U.S.C. § 1326(a)(1). The debtor adhered to this code provision, and made a total of four payments of $300 each. The debtor argues that, because the plan was inadvertently confirmed and then the confirmation was revoked, he is entitled to a refund of the money he paid into the plan. This is not so. According to the bankruptcy code, "[a] payment made under this subsection [§ 1326] shall be retained by the trustee until confirmation or denial of confirmation of a plan. . . . If a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title." 11 U.S.C. § 1326(a)(2). The Objection of Internal Revenue Service to Confirmation of Chapter 13 Plan is still pending before this Court, and a determination of confirmation by this Court has not been made. In the event the debtor's plan is not confirmed, the trustee will follow the provisions of 11 U.S.C. § 1326 with respect to the use of the money the debtor has paid into his plan.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the movant to establish the absence of a material fact issue by identifying portions of the pleadings, depositions, answers to interrogatories, admission on file, and affidavits. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). In ruling on a summary judgment motion, the court views the facts in the light most favorable to the non-moving party and allows that party the benefit of all reasonable inferences to be drawn from the evidence. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

Based on the debtor's Voluntary Petition, and his own statement in Debtor's Response to United State's [sic] Motions to Dismiss and For Summary Judgment that the unsecured portion of the debt is in excess of the limit stated in § 109(e), it is clear that this Court lacks jurisdiction in this matter under 11 U.S.C. § 109(e). Therefore,

IT IS HEREBY ORDERED that the United States' Motion for Summary Judgment is granted and the debtor's chapter 13 case is dismissed. Pursuant to 11 U.S.C. § 1326, the chapter 13 trustee is ordered to return any payments made by the debtor, after deducting any unpaid claim allowed under 11 U.S.C. § 503(b).

IT IS SO ORDERED.